UNITED STATES BANKRUPTCY COURT     **Hearing Date: August 20, 2008**
SOUTHERN DISTRICT OF NEW YORK     **Hearing Time: 2:00 p.m.**

---------------------------------------------------------x
In re

FOOD MANAGEMENT GROUP, LLC,
KMA I, INC.,
KMA II, INC.,
KMA III, INC.,
BRONX DONUT BAKERY, INC.,

                 Debtors.

Case Nos. 04-22880 (ASH)
04-22890 (ASH)
04-22891 (ASH)
04-22892 (ASH)
04-20312 (ASH)

(Chapter 11)

---------------------------------------------------------x
JANICE GRUBIN, in her capacity as Chapter 11
Trustee for Debtor FOOD MANAGEMENT
GROUP, LLC, KMI I, INC., KMA II, INC., and
BRONX DONUT BAKERY, INC.,

               Plaintiff,
     - against -

ROBERT L. RATTET; JONATHAN S.
PASTERNAK; RATTET PASTERNAK &
GORDON OLIVER, LLP,

               Defendants.

Adv. Proc. No. 07-8221 (MG)

---------------------------------------------------------x

**RESPONSE OF THE UNITED STATES TRUSTEE
REGARDING (I) MOTION FOR ENTRY OF ORDER PURSUANT
TO RULE 9019(a) APPROVING SETTLEMENT AGREEMENT;
AND (II) APPLICATION OF RATTET PASTERNAK & GORDON
OLIVER LLP FOR FINAL ALLOWANCE AND PAYMENT OF
COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE</u>**

TO THE HONORABLE ADLAI S. HARDIN, JR. and MARTIN GLENN, BANKRUPTCY
JUDGES:

       The United States Trustee for Region 2 respectfully submits this Response with

respect to (1) the Motion (the "Settlement Motion") of Janice B. Grubin, the Chapter 11 Trustee herein (the "Chapter 11 Trustee") for the entry of an order pursuant to Federal Rule of Bankruptcy Procedure approving the proposed settlement agreement (the "Settlement Agreement") entered into by and between the Chapter 11 Trustee and Robert L. Rattet, Jonathan S. Pasternak, and Rattet Pasternak & Gordon Oliver (collectively, the "Rattet Defendants"), and (2) the Application of Rattet Pasternak & Gordon Oliver (the "Rattet Firm") for compensation and the reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code (the "Final Fee Application"). The United States Trustee does not object to either the entry of an Order approving the Settlement Agreement, which purports to resolve the above-captioned adversary proceeding (the "Adversary Proceeding") or the Final Fee Application.

## I. PRELIMINARY STATEMENT

The Chapter 11 Trustee has brought the two matters before the Court, *i.e.*, the Settlement Motion and the Final Fee Application, in order to resolve the issues raised in the Adversary Proceeding. Because one of the principal provisions of the Settlement Motion involves the final allowance of the Rattet Firm's fees and expenses in a reduced amount, the Settlement Motion implicates Section 330 of the Bankruptcy Code, which governs awards of fees and expenses to professionals. Accordingly, the approval of the Settlement Agreement depends upon the allowance of the Final Fee Application and vice versa.

As is more fully set forth below, the United States Trustee has carefully reviewed both the Settlement Agreement and the Final Fee Application and does not object to either application. Although the United States Trustee has serious concerns about the past and future of these Chapter 11 cases, she is persuaded by the Chapter 11 Trustee's determination that, under the circumstances of

these cases, a compromise with the Rattet Firm would benefit the Debtor's estates more than continued litigation of the Adversary Proceeding. With respect to the request for final fees and expenses, while certain of the fees and expenses of the Rattet Firm are objectionable (*see* below), these disputed fees and expenses do not exceed the amount of final fees and expenses that the Rattet Firm is requesting. Accordingly, the United States Trustee does not object either to the Settlement Agreement or the Final Fee Application.

## II.     BACKGROUND

1.     On June 1, 2004, Food Management Group, LLC ("FMG") filed a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.[1] On June 2, 2004, the remainder of the above-captioned debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code. By order entered June 4, 2004, this Court procedurally consolidated the cases of the above-captioned debtors (collectively, the "Debtors"). ECF Doc. No. 12. The estates are being jointly administered. *See id.*

2.     By Order entered June 10, 2004, this Court authorized the Debtors to retain the Rattet Firm as their counsel. ECF Doc. No. 22.

3.     By Order entered July 1, 2004, the Court approved procedures fo the monthly compensation and reimbursement of expenses of professionals involved in the Debtors' Chapter 11 cases (the "Monthly Interim Compensation Order"). ECF Doc. No. 46.

4.     On September 2, 2005, pursuant to an Order of the Court, the United States Trustee appointed the Chapter 11 Trustee for these cases. ECF Doc. No. 427.

5.     By Order entered November 1, 2005, the Court suspended the Monthly Interim

---

[1] Unless otherwise indicated, references to "ECF Doc. No." are to the docket of the main case, *In re Food Management Group, et al.*, lead case no. 04-22880 (ASH).

Compensation Order. ECF Doc. No. 461.

6. By Orders entered December 15 and December 16, 2006, the Court approved the Chapter 11 Trustee's sale of the bulk of the Debtor's assets to TBG Food Acquisition Corp. ECF Doc. Nos. 514, 519.

7. On February 13, 2007, the Chapter 11 Trustee commenced the Adversary Proceeding against, among other defendants,[2] the Rattet Defendants. ECF Doc. No. 944. In the Adversary Proceeding Complaint, the Chapter 11 Trustee sought to recover damages allegedly arising from an offer made by defendant 64 East to purchase substantially all of the Debtors' assets. *See* Settlement Motion, ¶ 14.

8. On March 30, 2007, the Rattet Defendants filed a motion to dismiss the Adversary Proceeding Complaint. Adv. Proc. ECF Doc. No. 14. In a Memorandum Opinion and Order, dated January 23, 2008, Judge Glenn granted in part and denied in part the motion to dismiss. Adv. Proc. ECF Doc. No. 60.

9. On February 13, 2008, the Chapter 11 Trustee filed an Amended Complaint. Adv. Proc. Doc. No. 63. The Rattet Defendants filed an Answer to the Amended Complaint on February 25, 2008. Adv. Proc. Doc. No. 66.

10. After the Chapter 11 Trustee and the Rattet Defendants had agreed to mediation, on

---

[2]By Order entered August 23, 2007, the Court approved the Chapter 11 Trustee's settlement with defendants 64 East 126th Realty LLC ("64 East"), Newell Funding, LLC, Golden Age Mortgage Corp., Development Strategies Company, LLC, Profit Sharing Plan, Thomas R. Borek, Robert J. Stockel, Alan H. Rothschild, and Rothschild & Pearl LLP. Main Case ECF Doc. No. 1093. By Order entered August 30, 2007, the Court approved the Chapter 11 Trustee's settlement with defendants Tom, Gus, Anne, and Stacey Gianopoulos, and Nodine Realty Corp. Main Case ECF Doc. No. 1096.

April 7, 2008, the Court entered a Stipulated Order Directing Mediation. Adv. Proc. Doc. No. 92.

### III. THE INTERIM AND FINAL FEE APPLICATIONS

In the Final Fee Application, the Rattet Firm seeks the final allowance of professional fees in the amount of $1,082,346.25 and expenses in the amount of $120,361.47. Of these amounts, $64,809.50 in fees and $1,423.10 in expenses were incurred from January 1, 2006 to October 31, 2006. *See* Supplement to Final Application for Professional Compensation and Reimbursement of Expenses of Superseded Debtor-in-Possession's Bankruptcy Counsel, dated July 23, 2008 (the "Supplemental Fee Application"), paragraph 1. According to the Supplemental Fee Application, these additional expenses arose from

> the continued administration of the Chapter 11 cases, cooperation and transition of the Chapter 11 case files to the Chapter 11 trustee and, most notably, the assistance in the preparation and prosecution of the estates' causes of action against Matrix Realty Group, Inc. in Adversary Proceeding No. 05-8636.

*Id.* at ¶ 2. Against these amounts, the Rattet Firm has already received a total of $816,672.49 from a retainer and monthly interim payments. *Id.* at ¶ 4.

Prior to the filing of the Final Fee Application, the Rattet Firm submitted two interim fee applications. In the First Interim Fee Application, which covered the period from June 1, 2004 through September 1, 2005, the Rattet Firm requested $997,987.75 in fees and $125,994.73 in expenses. *See id.*, Exh. A. Of these amounts, $653,408.88 in fees were paid, as was $120,361.47 in expenses, leaving $344,578.87 in unpaid fees and $5,633.26 in unpaid expenses. *See id.* In the Second Interim Fee Application, the Rattet Firm requested an additional $19,551 in fees and $5,981.22 in expenses for the period from September 2, 2005 through December 31, 2005. *See id.* No portion of these claimed fees or expenses were paid to the Rattet Firm. *See id.* The Court did not

hold hearings on either the First Interim Fee Application or the Second Interim Fee Application. *See* Docket. Accordingly, to date, no portion of the Rattet Firm's fees has been approved by the Court.

The Rattet Firm's claim submitted under the Monthly Interim Compensation Order for unpaid fees totals $386,035.23, and its claim for expenses amounts to $13,037.58. *See* Settlement Motion, ¶ 26. The Rattet Firm's claim submitted after the appointment of the Chapter 11 Trustee on September 2, 2005 amounts to $84,358.50 in fees and $7,404.32 in expenses. *See id.* Thus, the Rattet Firm's total claim for unpaid fees and expenses totals $399,072.81. *See id.*

### IV. THE PROPOSED SETTLEMENT

The Chapter 11 Trustee and the Rattet Defendants have agreed to resolve the issues raised in the Adversary Proceeding Complaint and the Amended Complaint as follows: The Rattet Defendants will pay the sum of $345,000 to the Chapter 11 Trustee on behalf of the Debtors' Bankruptcy Estates. Settlement Motion, ¶ 27. The Rattet Firm will be granted an allowed administrative claim in the amount of $816,672.49, an amount that the Rattet Firm has already received from the Debtors' Bankruptcy Estates. *Id.*, at ¶ 5. For the limited purpose of determining whether the Rattet Firm must subsequently disgorge any fees or expenses from its allowed claim in the event of the Debtors' estates' administrative insolvency, the Rattet Firm is to be deemed allowed fees and expenses in the amount of $978,500.00. *See* Agreement, attached to Settlement Motion, § 3.4.[3]

---

[3] The balance of the proposed settlement terms address issues such as cooperation, mutual releases, and "mutual non-disparagement." *See* Settlement Agreement, ¶ 27.

## V. RESPONSE TO THE PROPOSED SETTLEMENT AND THE APPLICATION FOR A FINAL ALLOWANCE OF FEES AND EXPENSES

A. **LEGAL STANDARDS**

1. **Settlements under Rule 9019(a)**

Federal Rule of Bankruptcy Procedure 9019(a) authorizes the Court to approve a settlement "on a motion by the trustee and after notice and a hearing." Fed. R. Bankr. P. 9019(a). The Court, in its discretion, may accept or reject a proposed compromise or settlement. *See In re Remsen Part., Ltd.*, 294 B.R. 557, 565 (Bankr. S.D.N.Y. 2002) (citing *Anaconda-Ericsson, Inc. V. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985). To warrant Court approval, a settlement under Rule 9019(a) need only fall within the "range of reasonableness." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). To make this determination, courts consider, among other things, the likelihood of success, complexity, and cost of the litigation and potential problems with collection. *Id.*

With respect to the reasonableness of the Settlement Agreement, through mediation, the Chapter 11 Trustee and the Rattet Defendants have reached a settlement under difficult circumstances. Although the problems that gave rise to the Adversary Proceeding Complaint are troubling, the Chapter 11 Trustee appears to have pursued the litigation vigorously and reached a determination that, on balance, the Debtors' estates would benefit more from the Settlement Agreement than from continued litigation against the Rattet Defendants. As the Chapter 11 Trustee has stated, continued "litigation against the Rattet Defendants would . . . be protracted and expensive" and, at the conclusion of a trial, "the net benefit to the Debtors' estates may not exceed the benefits being achieved by the Settlement Agreement." Settlement Motion, ¶ 42. The United States Trustee

does not dispute the Chapter 11 Trustee's business judgment.

However, the Settlement Agreement cannot be approved without looking beyond Rule 9019(a). Specifically, one of the Settlement Agreement's key provisions calls for the allowance of the Rattet Firm's fees and expenses in a certain amount. *See* Agreement attached to Settlement Motion, § 3.2. Such a provision is not governed by Rule 9019(a), but rather by the provision of the Bankruptcy Code that applies to the allowance of fees and expenses. Accordingly, an analysis as to whether the Settlement Agreement should be approved by the Court depends upon whether the allowance of the Rattet Firm's application for final allowance of fees and expenses passes muster under the Bankruptcy Code.

### 2. The Allowance of Fees and Expenses Under the Bankruptcy Code

Applications for the allowance of professionals' fees and expenses are governed by Bankruptcy Code section 330(a)(1), which provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . an examiner, . . . or a professional person employed under section 327 or 1103-
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, . . . or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).

#### a. Burden of Proof

A fee applicant bears the burden of proof in all fee matters. *In re Recycling Indus., Inc.*, 243 B.R. 396, 402 (Bankr. D. Colo. 2000); *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997);

*In re JLM, Inc.*, 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997). *Accord In Re Sounds Distrib. Corp.*, 122 B.R. 952, 956 (Bankr. W.D. Pa. 1991) ("The burden of proof as to the reasonableness of the requested compensation lies with the applicant"). The burden of proof to show entitlement to fees should "not be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Spanjer Bros., Inc.*, 191 B.R. 738, 747 (Bankr. N. D. Ill. 1996) (quoting *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N. D. Ill. 1987)). Therefore, any uncertainties due to poor record keeping, for example, are resolved against the applicant. *In re Poseidon Pools of America*, 216 B.R. 98, 100-101 (E.D.N.Y. 1997).

b.  **Reasonableness of Fees**

Section 330 focuses on reasonableness and benefit to the estate of the professionals' services. *In re Lederman Enter., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). Accordingly, an application for compensation and reimbursement of expenses must demonstrate that the professional's services were necessary and conferred a benefit to the estate or its creditors. *In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997) (citing In re Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986) (other citation omitted)). The Court has an independent burden to review fee applications "lest overreaching . . . professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 844 (3d Cir. 1994)). Under Section 330, the Bankruptcy Court has the authority to reduce fees or expenses when they are disproportionate to the benefit to the estate, even if it has already approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995). *See also Zolfo, Cooper & Co. V. Sunbeam-Oster Co., Inc.*, 50 F.3d at 262, 263 (3d Cir. 1995) (affirming lower courts' denial of improperly

documented and inadequately detailed expenses).

### c. The Role of the Rattet Firm in these Cases

Although the Chapter 11 Trustee in her Complaint and Amended Complaint raised various allegations about the Rattet Firm and certain actions taken by the principals in that firm, the issues raised in those pleadings have been resolved by the Trustee and Rattet Firm in the Settlement Agreement currently pending before the Court. The Rattet Firm was initially seeking final fees in the total amount of $1,082,346.25 and expenses in the amount of $133,399.05, for a total of $1,215,745.30. As a result of the Settlement Agreement, if said Agreement is approved by the Court, the Rattet Firm will receive final fees and reimbursement of expenses in the total sum of $816,672.49. Settlement Motion, ¶ 5. The United States Trustee has reviewed the First Interim Application, the Second Interim Application, the Final Application and the Supplemental Application (collectively referred to as the "Rattet Firm Fee Applications"), as well as the documents filed in connection with the Amended Complaint and various other pleadings filed by all parties, and has concluded that the final fees and reimbursement of expenses in the reduced amount of $816,672.49 is not unreasonable, pursuant to 11 U.S.C. § 330.

The United States Trustee had objections to the Rattet Firms Fee Applications. However, the objections that she may have raised were resolved by the reductions that the Rattet has voluntarily agreed to make as part of its settlement with the Trustee. For example, one such objection would have been to the payment to the Rattet Firm for services provided to the estate after the appointment of the Trustee.

Specifically, the United States Supreme Court has held that under Section 330(a)(1) of the

Bankruptcy Code the allowance of compensation awards for debtors' professionals hinges on whether those professionals are employed by the trustee with approval of the court. *See Lamie v. United States Trustee*, 540 U.S. 526, 538-39 (2004) (debtor's counsel not entitled to payment under Section 330 in case converted to Chapter 7, where *trustee* did not retain counsel).

> If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court.

*Id.*; *see also In re Amanat*, 340 B.R. 713, 718 (Bankr. S.D.N.Y. 2006) (court has "no discretionary authority under Chapter 7 to award legal fees from estate funds unless the attorneys are retained [by the trustee] by court order"). The Rattet Firm was not retained for services performed on behalf of the Chapter 11 Trustee, and any such services must be authorized pursuant to Court order prior to payment of any corresponding fees. *Cushman & Wakefield v. Keren Ltd. Partnership (In re Keren Ltd. Partnership)*, 189 F.3d 86, 88 (2nd Cir. 1999) (professionals may only be employed subject to bankruptcy court approval, and compensation for professional services will only be an administrative expense when approved by the court).

Here, as noted above, the Rattet Firm filed a Supplemental Fee Application for the allowance of $64,809.50 in fees and $1,423.10 in expenses incurred from January 1, 2006 and October 31, 2006. Supplemental Fee Application, ¶ 1. In the Supplemental Fee Application, therefore, the Rattet Firm, *i.e.*, counsel to the Debtors, seeks payment of estate assets for services rendered *after* the appointment of the Chapter 11 Trustee in September 2005. The Rattet Firm filed the Supplemental Fee Application even though it was not retained as a professional by the Chapter 11 Trustee.

Although a portion of the Supplemental Fee Application–insofar as it reflects reasonable time

11

for the preparation of a fee application and transition services for the benefit of the Chapter 11 Trustee--may arguably be allowable under Section 330, the bulk of the Supplemental Fee Application is not allowable. The "services" reflected in the Supplemental Fee Application concern the role of the Rattet Firm as a witness in an adversary proceeding, not as counsel to the Debtors. *See* Supplemental Fee Application, Exhibit B. Thus, under Section 330, the bulk of the Supplemental Fee Application is not allowable. Nonetheless, even the entire amount of the Supplemental Fee Application is far less than the amount of fees and expenses the Rattet Firm is waiving under the Settlement Agreement. Accordingly, the shortcomings of the Supplemental Fee Application will not cause the United States Trustee to object to the Settlement Agreement or its concomitant fee and expense award.

The United States Trustee may also have raised objections to the fees sought by the Rattet Firm with respect to other issues. However, as stated above, based on the reductions in the fee request as agreed to by the Rattet Firm, the United States Trustee does not object to the award of final fees and expenses of $816,672.49.

## VI. CONCLUSION

For the foregoing reasons, the United States Trustee has no objection either to the Settlement Motion or to the Final Fee Application.

Dated: New York, New York
August 18, 2009

          DIANA G. ADAMS
          UNITED STATES TRUSTEE

By:  /s/ Richard C. Morrissey
      Richard C. Morrissey (RM 1970)
      Attorney
      33 Whitehall Street
      21st Floor
      New York, New York  10004
      Tel. No. (212) 510-0500
      Fax. No. (212) 668-2255