**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
*In re:*                                                    :    CHAPTER 11
                                                            :
    FOOD MANAGEMENT GROUP, LLC        :    BANKRUPTCY CASE NOS.:
    KMA I, INC.,                                   :    04-22880 (ASH)
    KMA II, INC.,                                  :    04-22890 (ASH)
    KMA III, INC.,                                 :    04-22891 (ASH)
    BRONX DONUT BAKERY, INC.           :    04-22892 (ASH)
                                                            :    04-20312 (ASH)
                                                            :
                        Debtors.    :    (Jointly Administered)
------------------------------------------------------------x

### ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
### JANICE B. GRUBIN, CHAPTER 11 TRUSTEE, AND THE RATTET DEFENDANTS,
### PURSUANT TO BANKRUPTCY RULE 9019(a)

Upon consideration of the Motion (the "Motion") of Janice Grubin, Chapter 11 Trustee (the "Trustee") for Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc., and Bronx Donut Bakery, Inc. (collectively, the "Debtors"), dated June 24, 2008, seeking, pursuant to Bankruptcy Rule 9019(a), entry of Order approving that certain settlement agreement (the "Settlement Agreement") by and between the Trustee and Robert L. Rattet ("Rattet"), Jonathan S. Pasternak ("Pasternak"), and Rattet, Pasternak and Gordon-Oliver LLP (the "Rattet Law Firm," and collectively with Rattet and Pasternak, the "Rattet Defendants") compromising and releasing all claims and defenses arising out of that certain adversary proceeding captioned *Grubin v. Anastasios Gianopoulos, et al.*, Adv. Pro. No. 07-08221-MG (the "Adversary Proceeding"); and the Court having core jurisdiction over the Motion, the Adversary Proceeding and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that due and proper notice of the Motion and the relief requested therein having been given pursuant to Bankruptcy Rule 2002(a)(3) and that no further notice need be given; and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having reviewed the Motion and the objections, if any, to the Motion; and the Rattet Law Firm having filed a supplement to its Final Application for Professional Compensation and Reimbursement of Expenses on July 23, 2008; and the Rattet Defendants having represented, among other things, that the Rattet Law Firm has received $696,311.02 in fees and $120,361.47 in expenses for a total amount paid of $816,672.49 (the "Paid Fees") from the Debtors' Bankruptcy Estates in the form of retainers and interim distributions and that it has outstanding unpaid professional fees in the amount of $386,035.23 and unpaid expenses in the amount of $13,037.58 for a total amount unpaid of $399,072.81 (the "Unpaid Amounts"); and the Court finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having considered (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation and the attendant expense, inconvenience and delay, and (d) the paramount interest of the creditors, the Court finds that the Settlement Agreement is fair and reasonable, and is in the sound business judgment of the Trustee and is in the best interests of the Debtors' estates and their creditors; and upon the hearing held on August 20, 2008, and upon the arguments of counsel; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted in its entirety; and it is further

**ORDERED** that the Settlement Agreement, attached hereto as Exhibit "A," is authorized and approved in its entirety pursuant to Bankruptcy Rule 9019; and it is further

**ORDERED** that the Trustee be and is hereby authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and

all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

**ORDERED** that, on the Effective Date, the claims asserted by the Trustee against the Rattet Defendants in the Adversary Proceeding shall be dismissed with prejudice solely as against the Rattet Defendants and without costs to any party pursuant to a stipulation substantially in the form of Exhibit B attached to the Settlement Agreement; and it is further

**ORDERED** that, within twenty-one (21) days of the Effective Date, the Rattet Defendants shall pay or cause to be paid the sum of Three Hundred Forty-Five Thousand Dollars ($345,000.00) to the Trustee on behalf of the Debtors' Bankruptcy Estates; and it is further

**ORDERED** that, the Rattet Defendants shall have an allowed administrative claim in the amount of its Paid Fees and shall receive no further payments or distributions from the Debtors or the Debtors' Bankruptcy Estates; and it is further

**ORDERED** that each of the Rattet Defendants unequivocally waives and forever relinquishes any and all right or claim to payment from the Debtors or the Debtors' Bankruptcy Estates of any legal fees and/or expenses exceeding the Paid Fees; and it is further

**ORDERED** that, for purposes of determining whether the Rattet Law Firm must disgorge any fees and/or expenses, the Rattet Allowed Claim shall, as set forth in the Settlement Agreement, be deemed to be in the amount of $978,500.00.  There shall be no disgorgement with respect to the Rattet Allowed Claim for any reason except in the case of administrative insolvency; and it is further

**ORDERED** that, except for their right to enforce the Settlement Agreement, the Rattet Defendants' continuing rights in the Bankruptcy Cases and any related adversary proceeding shall be (i) to receive any and all final distributions on the Rattet Allowed Claim, it being

3

understood that the Rattet Defendants have been paid the full amount of their allowed administrative claim on an interim basis and, therefore, are not entitled to any further payments or distributions; and (ii) to defend themselves, including by asserting any claim, offset, defense or denial, against any persons or entities other than the Trustee, the Debtors or the Debtors' Bankruptcy Estates, who may assert claims against them in the Bankruptcy Cases or in related adversary proceedings, so long as such defense does not otherwise violate the terms of the Settlement Agreement. The Rattet Defendants shall have no other rights in the Bankruptcy Cases or related adversary proceedings, including, but not limited to, the right to approve, reject or otherwise be heard with respect to any actions taken by the Trustee, the Debtors or the Debtors' Bankruptcy Estates in the Bankruptcy Cases or any adversary proceeding related thereto; and it is further

**ORDERED** that the Rattet Defendants have at all times denied all liability and the execution and entry into the Settlement Agreement by the Parties is not to be construed as an admission or evidence in any subsequent suit or proceeding or dispute, of any liability, wrongdoing or obligation by any party to any other party or to any person with respect to the matters addressed in the Settlement Agreement; and it is further

**ORDERED** that nothing set forth in this Order or the Settlement Agreement is intended to be nor should it be deemed to be a release of any claims that any of the Parties may have against any third parties; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction to: (i) interpret, implement and enforce the terms and provisions of the Settlement Agreement and all documents relating to the Settlement Agreement including, but not limited to, the exhibits attached to the Settlement

Agreement; (ii) resolve any dispute arising under or in connection with the Settlement Agreement and any related documents; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are overruled on the merits and those parties who did not object or who withdrew their objections to the Motion are deemed to have consented to the Motion; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that the requirement set forth in Local Bankruptcy Rule 9013-1(b) that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

Dated: New York, New York
       August 20, 2008

| /s/ Martin Glenn | /s/ Adlai S. Hardin, Jr. |
|---|---|
| HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE | HONORABLE ADLAI S. HARDIN, JR., UNITED STATES BANKRUPTCY JUDGE |

5